145 N.J. Super. 337 (1976)
367 A.2d 1174
IN THE MATTER OF LEONARD ANDREW DAVIS, VICTIM-DECEDENT, BY PATRICIA DAVIS, SPOUSE-CLAIMANT, APPELLANT,
v.
VIOLENT CRIMES COMPENSATION BOARD, DEPARTMENT OF LAW AND PUBLIC SAFETY OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 1976.
Decided November 23, 1976.
*338 Before Judges HALPERN, ALLCORN and BOTTER.
Messrs. Mattson, Madden, Polito & Loprete, attorneys for appellant (Mr. Francis T. Giuliano, of counsel; Mr. Francis T. Giuliano and Mr. Dennis Kwasnik on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent Violent Crimes Compensation Board (Ms. Erminie Conley, Deputy Attorney General, of counsel; Ms. Carla Vivian Bello, Deputy Attorney General, on the brief).
PER CURIAM.
During the course of a robbery appellant's husband, Leonard Andrew Davis, was murdered. Appellant filed an application on behalf of herself and her three minor children seeking compensation for funeral expenses and loss of support pursuant to the Criminal Injuries Compensation Act of 1971. N.J.S.A. 52:4B-1 et seq.
Employment records showed that decedent held 19 different jobs in the years 1969, 1970, 1971 and 1972, with total aggregate earnings for those four years of approximately $1820 or $455 a year. Decedent was apparently unemployed and earned no income in 1973, the year in which he was killed  specifically, on June 29, 1973. In addition, he received interest of approximately $170 in 1969 and in 1970 from monies held in trust for him. In 1971 he also received withdrawals of principal totaling $944.16. In 1972 he received approximately $370 from that fund. The remaining corpus of approximately $6,150 was paid to him in 1973 after he reached his majority. However, appellant was unable to offer any evidence as to the disposition of that money or as to any earnings other than as shown by his employment records.
*339 Appellant was employed as a teacher's aide before and after her husband's death. As a result of his death she is receiving Social Security benefits for herself and her children in the amount of $156 monthly or $1872 a year.
N.J.S.A. 52:4B-12 provides that the Board may award compensation for the "pecuniary loss to the dependents of the deceased victim," and for other claims resulting from injury or death to a victim. N.J.S.A. 52:4B-19 provides that, in determining the amount of compensation to be allowed, the Board shall consider "amounts received or receivable from any other source or sources" by the victim or his dependents as a result of the occurrence. The Board determined that decedent's earnings were insufficient to support himself, much less his wife and three small children. It found that decedent's wife and children suffered no compensable economic loss because Social Security benefits, a source of compensation contemplated by N.J.S.A. 52: 4B-19, exceeded the amount of support provided by decedent at the time of his death.[1] Accordingly, the Board denied compensation except that it allowed funeral expenses in the sum of $750, payable in part to decedent's mother and the balance to the Whigham Funeral Home. Counsel fees were also allowed in the amount of 15% of the award.
On this appeal it is contended that decedent's wife and children suffered and will suffer loss of support from decedent in excess of $10,000 which is the statutory compensation limit. N.J.S.A. 52:4B-18. Appellant contends that the Board misapplied the law to the evidence in the case. However, we find that the decision of the Board is supported by the evidence in the record and was within the discretion accorded by statute to the Board. See N.J.S.A. *340 52:4B-10. N.J.S.A. 52:4B-19 requires the Board to take into consideration monies received or to be received as a result of the victim's death. These properly include Social Security payments. As a result, Mrs. Davis and her children are now receiving more money by reason of decedent's death than he contributed to their support during his lifetime.
Accordingly, the order appealed from is affirmed.
NOTES
[1] The Board also held that Mrs. Davis and her children were not wholly or partially dependent upon decedent at the time of his death within the meaning of the statute and are therefore not entitled to an award. This determination is challenged on appeal, but our disposition makes it unnecessary to decide this point.